UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

DWAYNE MORGAN, et al.,
on behalf of themselves and
all others similarly situated,

        Plaintiff,

v.                              Case No. 16-CV-1283

NORTHERN CONCRETE CONSTRUCTION,
INC. and CSW, INC.,

        Defendants.

---

### DEFENDANT NORTHERN CONCRETE CONSTRUCTION, INC.'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO INVALIDATE SETTLEMENTS AND FOR COURT AUTHORIZED NOTICE

Plaintiffs' motion to invalidate settlements and for court authorized notice must be denied because the withdrawal requests the Plaintiffs seek to invalidate are not private contracts or releases that waive an employee's right to receive wages required by law, but merely simple withdrawals from this lawsuit which were drafted by Plaintiffs' counsel. Moreover, Plaintiffs' counsel should effectuate the withdrawals of their clients as directed by those clients more than three months ago.

### BACKGROUND

Plaintiffs filed an action against CSW, Inc. ("CSW") and Northern Concrete Construction, Inc. ("Northern Concrete") on September 26, 2016. *Dkt. 1-2*. In the complaint, Plaintiffs alleged various violations of the Fair Labor Standards Act ("FLSA") and Wisconsin Wage and Hour Law against CSW, the employer of Plaintiffs. Northern Concrete was included

as a co-defendant as an alleged "joint employer". Northern Concrete denies any liability or wrongdoing.

Each Plaintiff at issue executed the same withdrawal, which stated that they "no longer wish to retain the Previant Law Firm S.C. to pursue any claims against either CSW, Inc. or Northern Concrete." The withdrawal instructed the Previant Law Firm "to withdraw [the individuals] as a plaintiff in [this action]", directing that "the withdrawal shall be immediate." This withdrawal was drafted by Plaintiffs' counsel and included a separate letter requiring the Plaintiffs who wished to withdraw to pay fees. *Affidavit of Attorney Geoffrey S. Trotier (Trotier Aff.), Ex. 1.*[1]

Paul Robinson was sent the withdrawal on November 29, 2016. He executed his withdrawal on the same day. *Trotier Aff., Ex. 2.* Plaintiffs' counsel has not submitted this withdrawal to the Court. (*See generally Dkt.*). Paul Robinson remains an unwilling party to this litigation.

Shaun Saunders was sent the withdrawal on November 29, 2016. He executed his withdrawal on the same day. *Trotier Aff., Ex. 3.* Plaintiffs' counsel has not submitted this withdrawal to the Court. (*See generally Dkt.*). Shaun Saunders remains an unwilling party to this litigation.

Clint Robinson was sent the withdrawal on November 29, 2016. He executed his withdrawal on the same day. *Trotier Aff., Ex. 4.* Plaintiffs' counsel has not submitted this withdrawal to the Court. (*See generally Dkt.*). Clint Robinson remains an unwilling party to this litigation.

---

[1] Although our copies of the withdrawals are not clear copies, Plaintiffs are in possession of the originals and have included sufficient sworn statements in the Declaration of Attorney Ho (*Dkt. 31*) to confirm the accuracy of the facts for which they are cited.

2

Michael Owens was sent the withdrawal on December 6, 2016. He executed his withdrawal on the same day. *Trotier Aff., Ex. 5.* Plaintiffs' counsel has not submitted this withdrawal to the Court. (*See generally Dkt.*). Michael Owens remains an unwilling party to this litigation.

Cornelius Buford was sent the withdrawal on January 19, 2017. He executed his withdrawal on the same day. (*Dkt. 29, ¶6*). Plaintiffs' counsel has not submitted this withdrawal to the Court. (*See generally Dkt.*). Cornelius Buford remains an unwilling party to this litigation.

The Plaintiffs – although it is not clear <u>which</u> Plaintiffs, or merely Plaintiffs' counsel – filed a motion to invalidate "settlements" and for court authorized notice on February 1, 2017. (*Dkt. 26*). In the motion, the Plaintiffs seek to invalidate requests to withdraw by Plaintiffs P. Robinson, C. Robinson, Saunders, Buford, and Owens by alleging that co-defendant CSW secured settlements and releases with the Plaintiffs who wish to withdraw. Plaintiffs' motion mischaracterizes the facts and fails to provide adequate evidence to support their underlying legal arguments.

## ARGUMENT

### I. PLAINTIFFS SEEK WITHDRAWAL, NOT RELEASE.

As Plaintiffs argue, releases for claims of unpaid wages under the FLSA require court approval. However, the documents at issue are mere withdrawals from this case, not releases of claims. The withdrawal voluntarily removes the plaintiff from litigation but does not affect his FLSA rights. It does not settle any claims or preclude future litigation as it serves merely as a stepping back from the current case. *See Black's Law Dictionary* 1332 (8th ed. 2005) (defining "withdraw" as "the act of retreating from a place, position, or situation."). The withdrawals stated that the Plaintiffs no longer wished to retain their counsel for the pursuit of claims against the Defendants and nothing more.

A release on the other hand is a waiver of rights by the plaintiff and benefits the defendant by precluding future litigation based on the rights that were waived. *See Black's Law Dictionary* 1067 (8th ed. 2005) (defining "release" as "liberation from an obligation, duty, or demand; the act of giving up a right or claim to the person against whom it could have been enforced."). There is no waiver of rights or preclusion of litigation at issue here. Further, the claims advanced by Plaintiffs against CSW and Northern Concrete are less than a year old, meaning a withdrawal is not a *de facto* release due to the statute of limitations.

The Plaintiffs cite to many cases in support of their motion to invalidate. However, none of the cited authority addresses withdrawals. Each case refers to a release of claims, a dismissal, or a contractual agreement that serves to bar litigation, all of which are wholly different from withdrawals. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 699 (1945); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 161 (5th Cir. 2015); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2nd Cir. 2015); *Spoerle v. Kraft Foods Global, Inc.*, 614 F.3d 427, 430 (7th Cir. 2010); *Dye v. Wargo*, 253 F.3d 296, 302 (7th Cir. 2001); *Walton v. United Consumers Club*, 786 F.2d 303, 304-5 (7th Cir. 1986); *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1351 (11th Cir. 1982); *Turner v. Interline Brands Inc.*, No. 3:16-CV-646-J-39PDB, 2016 U.S. Dist. LEXIS 155084, at *1 (M.D. Fla. Nov. 8, 2016); *Bryant v. United Furniture Indus.*, No. 1:13-CV-00246-SA-DAS, 2016 U.S. Dist. LEXIS 67635, at *20 (N.D. Miss. May 18, 2016); *Slavkov v. Fast Water Heater I, LP*, No. 14-CV-04324-JST, 2015 U.S. Dist. LEXIS 149013, at *3 (N.D. Cal. Nov. 2, 2015); *Sarceno v. Choi*, 66 F. Supp. 3d 157, 158-9 (D.D.C. 2014); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 U.S. Dist. LEXIS 18370, at *1 (N.D. Ill. Nov. 9, 2001). *O'Brien v. Encotech Constr. Servs.*, 203 F.R.D. 346, 347 (N.D. Ill. 2001); *Erdman v. Jovoco*, 181 Wis. 2d 736, 769 (1994).

The withdrawals at issue are not comparable to the facts of any authority cited by Plaintiffs. The withdrawals do not release any claims, do not require dismissal with prejudice, and do not bar litigation through some other means. No party has moved to dismiss this case through these withdrawals.

Further, the withdrawals that Plaintiffs seek to invalidate were drafted by Plaintiffs' counsel. Although attempting to characterize the withdrawals as releases, Plaintiffs cannot point to any releasing language, despite their responsibility for drafting. To further illustrate this, Plaintiffs' counsel, in his declaration, solely refers to the documents as withdrawals, not settlements or releases. (*Dkt. 31,* ¶2-3, 5-7).

Finally, Plaintiffs seek to invalidate settlements without producing any credible evidence that consideration for settlement was given. The only documents that Plaintiffs are able to reference are the written requests for withdrawal provided to some of the Plaintiffs by their counsel. Regardless, Plaintiffs seek to "undo" the withdrawal against the individuals' direct instructions and force these Plaintiffs to litigate claims they do not wish to pursue at this time.

The withdrawals signed by the Plaintiffs did not release any of their claims, will not bar litigation due to the statute of limitations, are not applicable to the Plaintiffs' cited authority, and not supported by any credible evidence. The withdrawals simply remove the individuals from this litigation while fully preserving their rights under the law. Accordingly, the Court should deny Plaintiffs' motion.

## II.   THE COURT SHOULD NOT FORCE AN UNWILLING PLAINTIFF TO PARTICIPATE.

Without written consent, an individual is not a party to the litigation. *Harkins v. Riverboat Servs.*, 385 F.3d 1099, 1101 (7th Cir. 2004) ("If you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party").

5
Case 1:16-cv-01283-WCG   Filed 02/17/17   Page 5 of 8   Document 51

By signing the withdrawal forms, the Plaintiffs at issue have withdrawn their consent and stated that they are unwilling to further pursue this litigation. As such, they should be dismissed as parties to this case.

By submitting withdrawal demands to their counsel, the Plaintiffs at issue have effectively opted out of the current litigation. In a § 216(b) collective action, plaintiffs who wish to be included must affirmatively opt-in by filing written consent with the court. *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). Conversely, a Rule 23 class member must affirmatively opt out. Plaintiffs' counsel, in attempting to invalidate the withdrawals, is forcing the Plaintiffs at issue to ultimately be bound by the judgment of this case, an idea that goes against the purposes of an opt-in collective action. "The rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case, and if he is distrustful of the capacity of the 'class' counsel to win a judgment he won't consent to join the suit". *Harkins*, 385 F.3d at 1101. Opt-in collective actions exist precisely so that individuals are not required to have their rights addressed in a single collective case if they wish to proceed individually or otherwise.

The withdrawal requests at issue required Plaintiffs' counsel to either immediately withdraw the Plaintiffs from the case, with Defendant's consent, or upon filing of the amended complaint, without Defendant's consent. Plaintiffs' counsel did neither. Rather, counsel has delayed for several months, failing to obey his clients' direction and being less than transparent with the Court.

The Plaintiffs at issue have withdrawn their consent to be parties to this litigation. Plaintiffs' counsel had an obligation to inform the Court and withdraw these Plaintiffs but thus far has failed to do so. Now, Plaintiffs attempt to force those seeking withdrawal to remain

6

parties to this litigation. The Court should not force the unwilling Plaintiffs to participate in this case. Accordingly, the Court should deny Plaintiffs' motion.

### III. PARTIES ARE FREE TO NEGOTIATE DIRECTLY.

Plaintiffs' counsel cannot prevent the parties from communicating directly, without the interference of counsel. Under Rule 83(d)(1) of the Local Rules for the Eastern District of Wisconsin, attorneys practicing before the Eastern District of Wisconsin are subject to the Wisconsin Rules of Professional Conduct for Attorneys. The Wisconsin Supreme Court promulgates these rules. Under SCR 20:4.2(a), lawyers are barred from communicating about the subject of their representation with a person the lawyer knows is represented by counsel. However, Comment 4 to SCR 20:4.2 states that "parties to a matter may communicate directly with each other."

Plaintiffs' allegations that CSW intentionally bypassed Plaintiffs' counsel have no merit because this communication (yet unproven) allegedly occurred directly between the two parties. Further, as already discussed, there is no credible evidence that a settlement and release of claims came out of any direct party-to-party communication. Without a settlement and release, Plaintiffs appear to seek to "invalidate" alleged communications between the parties but have failed to present any valid factual or legal argument substantiating such a request.

### IV. NOTICE IS INAPPROPRIATE.

Plaintiffs have not shown the existence of any settlements or releases between Plaintiffs and any Defendant. Without any releases, it would be superfluous to send notices to Plaintiffs informing them that their non-existent settlements are not valid. Instead, Plaintiffs improperly ask the Court to invalidate withdrawals that were submitted by some of the Plaintiffs and created by Plaintiffs' counsel. Plaintiffs then wish to use the Court to provide notice that would falsely

lead Plaintiffs to believe they are prohibited from withdrawing for any reason and must remain parties to the case. The Court should not grant this request.

## CONCLUSION

For the foregoing reasons, Northern Concrete respectfully requests that the Court deny Plaintiffs' motion to invalidate settlements and for Court authorized notice.

Respectfully submitted this 17th day of February, 2017.

**ATTORNEYS FOR DEFENDANT,**
**NORTHERN CONCRETE**
**CONSTRUCTION, INC.**

s/ Geoffrey S. Trotier
Geoffrey S. Trotier, SBN 1047083
Roy E. Wagner, SBN 1018396
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Fax: 414-276-6623

28060391_3.DOCX