UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DWAYNE MORGAN, et al.,
on behalf of themselves and
all others similarly situated,

   Plaintiff,

v.                Case No. 16-CV-1283

NORTHERN CONCRETE CONSTRUCTION,
INC. and CSW, INC.,

   Defendants.

## DEFENDANT NORTHERN CONCRETE, INC.'S
## BRIEF IN OPPOSITION TO CONDITIONAL CERTIFICATION

### STATEMENT OF FACTS

**A. Northern Concrete and Its Practices.**

Northern Concrete Construction, Inc. ("Northern Concrete") is a concrete contractor incorporated and doing business in Wisconsin. To supplement its workforce, Northern Concrete engaged co-defendant CSW, Inc. ("CSW") in 2015 and 2016 to provide temporary workers. *Opicka Aff.* ¶2. During this time, CSW provided approximately 60 laborers. *Id.* Northern Concrete and CSW negotiated the percent markup for any hourly rate to be paid to the CSW employees and agreed that Northern Concrete would be billed for workweek hotel charges and per diem of $35 per worker. *Id.* ¶4-5. It also was agreed that all human resources functions would be the full responsibility of CSW. *Id.* ¶6. The agreed-upon terms never were reduced to writing in an executed document. *Id.* ¶3.

Northern Concrete has exempt and non-exempt direct employees. If a Northern Concrete employee travels a sufficient distance necessitating an overnight hotel stay—typically at least

90 minutes—Northern Concrete pays per diem of $35 to cover non-lodging related travel expenses, such as meals and mileage. *Id.* ¶7. Northern Concrete does not separately reimburse for mileage. *Id.* ¶8.

### B. The Plaintiffs Filed Suit.

Plaintiffs filed this action against Northern Concrete and CSW on September 26, 2016, alleging various violations of the Fair Labor Standards Act ("FLSA") and Wisconsin Wage and Hour Law. *Dkt. 2.* The allegations specifically were made by CSW-provided workers against CSW; Northern Concrete was included as an alleged "joint employer". *Id.* When initially filed, the named Plaintiffs were Dwayne Morgan, Clint Robinson, Paul Robinson, Michael Owens, Marques Stewart, Cornelius Buford, and Shaun Saunders. *Id.*

Subsequently, the majority of these named Plaintiffs have sought to withdraw from this lawsuit, including Clint Robinson, Paul Robinson, Michael Owens, Cornelius Buford, and Shaun Saunders. *Dkt. 53-1 to 53-5.* Plaintiffs' counsel has refused to file these withdrawals. *See generally Docket.*

On January 31, 2017, Plaintiffs filed an Amended Complaint, including Daunte Davis as an additional named Plaintiff and alleging per diem claims under the FLSA. *Dkt. 25.* The Amended Complaint still included the named Plaintiffs who have sought to withdraw from this lawsuit. *Id.*

### C. Plaintiffs File for Conditional Certification.

On April 13, 2017, Plaintiffs asked the Court to certify two classes for purposes of collective action under the FLSA: (1) CSW employees seeking compensation for travel between their Mississippi homes and Wisconsin ("CSW Class"); and (2) Northern Concrete direct employees allegedly receiving per diem disproportionate to reasonably estimated meal and mileage costs ("Per Diem Class").

2

This brief is filed in opposition to the conditional certification of these two classes.

## ARGUMENT

### A. The Plaintiffs Have Not Made the Requisite Factual Showing gor Conditional Certification.

The Courts of the Seventh Circuit have adopted a "two-step approach" to determine whether certification of a collective class is warranted. *See, e.g., Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006). First, the Court must determine, through consideration of conditional certification, whether the Plaintiffs have made a modest factual showing sufficient to demonstrate that the plaintiff or other putative plaintiffs potentially were victims of a common policy or plan that violated the FLSA.[1] *Id.* While this initial inquiry is somewhat lenient, the standard "is not a mere formality." *Adair v. Wis. Bell, Inc.*, No. 08-C-280, 2008 U.S. Dist. LEXIS 68942, at *9 (E.D. Wis. Sept. 11, 2008).[2]

Courts will not accept mere allegations that plaintiffs are similarly situated without supporting evidence. *Id.* at *22. Plaintiffs must provide admissible evidence to satisfy the similarly situated requirement and justify conditional certification. *Id. See also Mares v. Caesars Entm't, Inc.*, No. 4:06-cv-0060-JDT-WGH, 2007 U.S. Dist. LEXIS 2539, at *9 (S.D. Ind. Jan. 10, 2007).[3] "Conclusory allegations" by plaintiffs "are simply not sufficient to make even the modest factual showing required." *Adair*, 2008 U.S. Dist. LEXIS 68942, at *17. If the plaintiff has not made a factual showing that certification is appropriate, "[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are

---

[1] The "second step" is addressed upon a decertification motion.
[2] Attached to *Declaration of Attorney Geoffrey S. ("Trotier Decl.")* as *Ex. 1*.
[3] Attached to *Trotier Decl.* as *Ex. 2*.

3

not similarly situated." *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003).

Conditional certification should be denied if liability likely will depend on an individual determination relative to each plaintiff. *Reich v. Homier Distrib. Co.*, 362 F. Supp. 2d 1009, 1013-14 (N.D. Ind. 2005). Claims that can only be determined by sifting through issues particular to individual plaintiffs cannot be administered efficiently because those individual issues will predominate over collective concerns. *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002). In *Reich*, the court found that if liability will turn on a set of facts specific to that individual, the motion for class certification must be denied. *Reich*, 362 F. Supp. 2d at 1014. If a case is certified but ultimately can only be resolved by conducting numerous fact-intensive analyses, reconstructing each class member's work and pay history, it would be contrary to the purposes of collective action, militating against conditional certification. *Id.* at 1015 ("the individual discovery required...would destroy 'the economy of scale envisioned by the FLSA collective action procedure'....").

Many other courts have declined to find potential class members similarly situated, denying conditional certification, where liability depended on an individual determination of the facts relevant to the individual's claims. *See, e.g., Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004) (denying collective action where individualized inquiries required would obviate "the economy of scale envisioned by the FLSA collective action procedure"); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) ("Because the proof in this case is specific to the individual, Mike has not provided evidence of a common thread binding his proposed class of employees."); *Sheffield*, 211 F.R.D. at 413 ("[A collective] action dominated by issues particular to individual plaintiffs cannot be administered

efficiently"); *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 499 (D.N.J. 2000) ("The individual nature of the inquiry required make[s] collective treatment improper in this case.").

1. **Plaintiffs Have Not Met the Factual Showing Necessary for Conditional Certification of the Per Diem Class.**

Plaintiffs hang their entire argument for conditional certification of the Per Diem Class on the claim that Davis received one singular $35 per diem payment for a day that he worked in which he conceivably would have been able to drive home in time to eat dinner at his residence. *Dkt. 68 at 13.*

First, Plaintiffs fail to explain to the Court that the per diem payments covered both meals *and mileage*. Second, Davis would have driven a substantial distance home that day. Most importantly, Plaintiffs cannot support conditional certification with a claim for *one* per diem payment on *one* date for *one individual*. This conclusory statement is not sufficient to merit conditional certification. *Adair*, 2008 U.S. Dist. LEXIS 68942, at *17. Therefore, there is no need for class certification with respect to this claim.

At the point where plaintiffs seek conditional certification, "no further discovery should be required for the plaintiffs to explain the nature or source of the expectation they allege" or otherwise make a sufficient factual showing to achieve conditional certification. *Id.* at *17. In this case, Plaintiffs have admitted that they do not have the facts to support conditional certification of the Per Diem Class. Plaintiffs admit that they have not properly addressed this issue in discovery. *Dkt. 68, n.1.* If Plaintiffs have not compiled sufficient factual support for conditional certification through the discovery mechanisms available to them at this point, the Per Diem Class should not be conditionally certified.

Further, plaintiffs have not explained how a $35 per diem is excessive when it is intended to cover meals and mileage. "[A] conclusory statement fails to demonstrate even a modest factual basis for finding the Plaintiffs and putative class members similarly situated." *Adair*, 2008 U.S. Dist. LEXIS 68942, at *25. *See also Mares*, 2007 U.S. Dist. LEXIS 2539, at *3. Plaintiffs have offered no evidence, explanation, or other factual showing indicating why they believe $35 is an excessive per diem in this case. Thus, this conclusory statement that they view a $35 per diem as "not reasonable" should not be sufficient for conditional certification of the Per Diem Class.

Plaintiffs have not shown that any other Northern Concrete direct employee, aside from Davis, may have an arguable per diem claim. Plaintiffs solely point to Davis, and only point to one date on which Davis claims per diem was inappropriate. On this date, he fails to account for the fact that per diem also covers mileage, which otherwise is not reimbursed by Northern Concrete. Even if one assumes *arguendo* that this one per diem payment was not reasonable, this payment would be *de minimis* and not enough to merit conditional certification of an entire class to consider whether the overtime rate during that week should have been increased.

Moreover, Plaintiffs have not made any fact showing beyond one timecard. Neither Davis nor any other Northern Concrete employee has submitted an affidavit in support of conditional certification of the Per Diem Class. Plaintiffs have not cited to any discovery responses from either party.

Furthermore, certification of the Per Diem Class would require too much of an individualized assessment of each class member, destroying the "economy of scale envisioned by the FLSA collective action procedure." *See, e.g., Holtz,* 333 F. Supp. 2d at 1274-75; *Reich,* 362 F. Supp. 2d at 1015. Plaintiffs have not determined what positions should be included in the

Per Diem Class, or even differentiated between exempt and non-exempt employees. Thus, the Per Diem Class first would need to determine exempt status of each position at Northern Concrete that has received per diem, an inquiry which is too fact intensive. *See Morisky*, 111 F. Supp. 2d at 499 ("[L]itigating this case as a collective action would be anything but efficient. The exempt or non-exempt status of potentially hundreds of employees would need to be determined on a job-by-job, or more likely, an employee-by-employee basis."). The payroll for all Northern Concrete employees during the last two to three years would need to be reviewed to determine which employees received per diem on which date. The Court then would need to determine which of those employees were non-exempt by examining their job duties. The Court then must determine which employees actually worked more than 40 hours during the week in which per diem was received. Such an individualized assessment—especially in the absence of any facts aside from Davis' single allegation—violates the economy of scale sought in a collective action.

Plaintiffs have failed to meet the factual showing necessary to conditionally certify the Per Diem Class. Plaintiffs have admitted that they do not have the facts necessary and have not sought necessary facts through discovery. Plaintiffs have not demonstrated how the per diem, which covers meals and mileage, is excessive. Plaintiffs have not indicated that any employee other than Davis might have an arguable claim. Finally, certification of this class would require too much of an individualized assessment to merit a collective action for the Per Diem Class. Northern Concrete asks that the Court deny conditional certification of the Per Diem Class.

        2.    **Plaintiffs Have Not Met the Factual Showing Necessary for Conditional Certification of the CSW Travel Class.**

Plaintiffs base their travel time claim on conclusory statements, supposition, and assumption. Plaintiffs have provided no affidavits from any CSW employee–including the

named Plaintiffs. Rather, they base their claim for conditional certification on generalizations and conclusory statements found in the declaration purportedly given by Brad Lott, CSW's President, but actually drafted by Plaintiffs' attorney and submitted without review or execution by Mr. Lott.[4] In truth, Plaintiffs do not know, and therefore cannot provide, any facts as to when other CSW employees drove from their home state. Thus, Plaintiffs cannot meet the factual showing as to whether the travel time was during regular work hours.

Furthermore, the three remaining CSW Class members–Morgan, Holmes[5], and Stewart– have no knowledge as to when the putative CSW Class members drove to/from Wisconsin. *See Mares*, 2007 U.S. Dist. LEXIS 2539, at *3 (holding that a conclusory assertion that, "based upon conversations with others," plaintiff believed similar policies and practices were in effect at other facilities did not suffice to carry the modest burden of showing sufficient similarity). *See also Adair*, 2008 U.S. Dist. LEXIS 68942, at *28 ("a plaintiff [seeking certification of a collective action] may not substitute her own judgment for the Court's by averring her own 'understanding' that her employer had a wide-spread improper practice, while shielding the Court's review of her conclusion and the sufficiency of the facts on which it is based by general assurances that it was formed by her observations and conversations with others. Here, in other words, the plaintiffs may not avoid the requirement of demonstrating to the Court a modest factual showing of support for their claim that they and the putative class were subject to a common unlawful practice by vague assertions that they 'understood' this to be true.").

Plaintiffs themselves have offered no basic fact allegations to support their claims. Plaintiffs have not submitted a single affidavit from any named plaintiff. Plaintiffs have not sworn to any fact allegations in their discovery responses. Instead, Plaintiffs solely rely on

---

[4] The basis for disregarding Mr. Lott's declaration is discussed *infra* at § F.
[5] *See infra* § E.1 as to whether Holmes remains a named Plaintiff.

8
Case 1:16-cv-01283-WCG   Filed 05/04/17   Page 8 of 18   Document 75

discovery responses made by CSW without the benefit of counsel and not verified by CSW, in violation of Fed. R. Civ. P. 26(g)(2). Similarly, Plaintiffs have failed to provide any factual showing supporting their claim that Northern Concrete controlled hiring, firing, or compensation–again relying on conclusory statements, not admissible evidence. Although Plaintiffs claim that this is supported by Defendants' "admissions", they do not cite to any support for these "admissions."

Plaintiffs' conclusory statements extend to the assumption that travel time was subject to a 10.5 hour work day "window". The timesheets cited by Plaintiffs do not support the notion that Plaintiffs worked more than eight hours regularly. It is true that at times Plaintiffs began work as early as 7 a.m.; it is true that Plaintiffs at times finished at 5:30 p.m. It is not true that Plaintiffs regularly, or even occasionally, worked regular shifts of 7 a.m. to 5:30 p.m. Plaintiffs' conclusory assumptions cannot substitute for the fact showing required of conditional certification.

Conditional certification of the CSW Class would require individual assessments that defeat a collective action's goal of promoting judicial efficiency. Plaintiffs do not know when any putative CSW Class member drove, so they do not know if these putative class members did so during regular work hours. Plaintiffs do not even know *dates* on which *the named Plaintiffs* drove. *Trotier Decl., Ex.3, Requests to Admit ("RTA") 2-4, 6-7 & 16-19.* Further, they have no knowledge of whether any putative class members worked more than 40 hours during a travel week, necessitating further individualized inquiry and assessment.

Holmes' novel claim—not previously asserted until this motion and, thus, waived—that he drove back to Mississippi 1-3 times further defeats conditional certification. Holmes himself does not know—and has not provided a sworn affidavit—when or how often he himself drove

back. If Holmes cannot provide this information, this conclusory statement should not suffice as the factual showing necessary for a conditional certification.

Plaintiffs have failed to satisfy the factual showing necessary for conditional certification of the CSW Class. Plaintiffs have provided no factual allegations to which they themselves were willing to swear. Rather, Plaintiffs rely on the unsworn, unverified, electronically executed declaration of the unrepresented president of a Defendant, who never saw or reviewed the document. Plaintiffs provide no facts as to when other CSW employees may have driven and have no knowledge of such. Plaintiffs have provided the Court with an inflated work day "window". If the CSW class were to be conditionally certified, it would require an excessive individualized assessment, defeating the purpose of the collective action. Accordingly, Northern Concrete asks that the Court deny conditional certification of the CSW class.

### B. Plaintiffs Have Repeatedly Changed Their Claims, Defeating Any Possible Factual Showing.

As stated by this Court in *Adair*, a rapidly-shifting theory of class certification may lead to the denial of conditional certification. *Adair*, 2008 U.S. Dist. LEXIS 68942, at *11-14.

> "[I]t does matter whether the allegations of the complaint are true. It is to the complaint, after all, that the defendant looks for notice of the claim asserted against it. It is patently unfair to expect a defendant to respond to a theory of liability that shifts with each response. And it certainly matters whether statements made under oath in a declaration are true.

*Id.* at *13-14. In any such situation, "concern over their other allegations" is warranted. *Id.* at *14.

In this case, Plaintiffs' theory of liability has shifted repeatedly. The Complaint contemplated the following claims: travel time to/from Wisconsin (¶ 32); intra-workday travel between sites (¶ 18); minimum wage (¶ 32); failure to pay all hours worked at a site (¶ 33); failure to pay overtime (¶ 33); collective action claims (¶ 32-25); Rule 23 class claims (¶ 36-38);

and failure to pay promised wage rate under state law (¶ 38). *Dkt. 2.* In the Amended Complaint, Plaintiffs added the per diem claims (¶ 56) and sought to represent *one* combined class of Northern Concrete direct employees and CSW employees (¶ 40). *Dkt. 25.* In their Motion for Conditional Certification, Plaintiffs have radically changed their position, now seeking to represent two separate FLSA classes but no Rule 23 class, focusing on one FLSA collective class related solely to travel time before beginning work in Wisconsin for CSW employees, and a second FLSA collective class related to per diem payments to Northern Concrete direct employees.

Plaintiffs have repeatedly and radically shifted their theories of liability in this case, changing legal theories, alternating between state law/FLSA hybrid claims and FLSA collective actions, and radically changing their class descriptions. This "case shifting" is extremely unfair to the Defendants. Further, it calls into question the credibility of the scant facts alleged. Accordingly, Northern Concrete asks that the Court deny conditional certification to both Per Diem Class and the CSW Class.

### C. Plaintiffs Have Not Shown Sufficient Interest by Putative Class Members.

Conditional certification should be denied unless Plaintiffs can show a sufficient interest in the lawsuit on the part of putative class members. *See, e.g., Dybach v. Florida Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) ("the first inquiry is whether plaintiffs have shown that other employees desire to opt-in to th[e] litigation"); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362-63 (M.D. Ala. 1999) (15 affidavits by employees from one restaurant location with specific allegations of wage violations was sufficient only for notice to employees at that location); *Cash v. Conn Appliances*, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997).

The courts require a showing of other interested potential plaintiffs because "courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1237 (M.D. Ala. 2003). The Court should deny conditional certification rather than exhaust party and judicial resources through the "stirring up" of litigation that ultimately would result in nominal class participation.

In this case, Plaintiffs have not shown the interest of putative class members in either the Per Diem Class or the CSW Class. At this point, the Per Diem Class consists solely of its named Plaintiff. Further, Plaintiffs have not made a factual showing indicating the existence of any claim beyond the allegation that on one date, they question the reasonableness of a per diem payment made to Davis.

The CSW Class has not shown the existence of any interest putative class members. Quite the opposite. Rather, the CSW Class has lost the majority of its named Plaintiffs. Plaintiffs Paul Robinson, Clint Robinson, Shaun Saunders, Michael Owens, and Cornelius Buford all have attempted to withdraw from this case. *Dkt. 53-1 through 53-5*. Furthermore, the named Plaintiffs have refused to provide any discovery responses to their counsel. *Trotier Decl. Ex. 3,RTA 2-4, 6-7, 16-19; Interrog. No. 6*. Finally, no named Plaintiff—even those who have not attempted to withdraw—has provided a single affidavit in support of their Motion for Conditional Certification.

At best, there are three Plaintiffs interested in pursuing the claims alleged by the CSW Class. These Plaintiffs could more readily join their claims under Rule 20 than expend substantial party and judicial resources pursuing conditional certification. Plaintiff Davis is the only individual even nominally interested in the per diem claims and could more readily pursue

these claims without requiring the Court and parties to satisfy the numerous procedural requirements of a collective action. Accordingly, Northern Concrete requests that the Court deny conditional certification to the CSW Class and the Per Diem Class.

### D. Plaintiffs Seek Conditional Certification of Two Unrelated Classes.

In determining whether or not to certify a collective action, the core inquiry is whether the putative class members are "similarly situated." 29 U.S.C. § 216(b) (2017). The Court must consider the term "similarly situated" in light of the purposes of a collective action. *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 787 (N.D. Ill. 2007). Here, the Plaintiffs seek conditional certification of two unrelated cases.

First, there are no common questions of law between the Per Diem Class and the CSW Class. The claims of the Per Diem Class are pursued through 29 C.F.R. § 778.217 and 29 C.F.R. § 778.218. The CSW Class pursues its travel time claims through a separate regulation, 29 C.F.R. § 785.39, and that time is not compensable pursuant to the Portal-to-Portal Act, 29 U.S.C. §§ 251-262.

Second, there are no common questions of fact between the Per Diem Class and the CSW Class. The per diem claims are based on the reasonableness of a $35 per diem, whether the putative class members were non-exempt, whether the putative class members incurred meal expenses and mileage, and how meal and mileage expenses related to the amount of per diem. The CSW Class claims factually relate to the dates on which the CSW employees drove to/from Wisconsin, the hours during which they drove, and the hours which they regularly worked. There are no common questions of fact between these two classes.

Third, the two classes have no commonality of plaintiffs. The Per Diem Class relates solely to Northern Concrete direct hires. The CSW Class relates solely to CSW employees. There is no overlap between these two classes.

Fourth, the two classes relate to different defendants. The per diem claims are brought against Northern Concrete. The CSW Class claims are brought against CSW and *arguendo* Northern Concrete.

Plaintiffs attempt to bolster the size of the putative classes by joining unrelated claims and unrelated parties. The Court should not permit this as a basis for conditional certification and should deny conditional certification of both classes.

### E. Plaintiffs' Proposed Notices Are Deficient.

The Court should not accept Plaintiffs' proposed notices for several reasons, discussed below.

#### 1. Notice of Pendency of Lawsuit: CSW Class.

With respect to the Notice of Pendency of Lawsuit with respect to the CSW Class, the description of the lawsuit is incorrect. *Dkt. 67-1.* Dwayne Morgan and Kendall Holmes are listed as the Plaintiffs; however, the Notice fails to reference the Plaintiffs who have attempted to withdraw. The Notice further fails to reference Plaintiff Stewart, leaving the Defendants unaware as to whether Stewart remains a named Plaintiff.

The Notice repeatedly refers to the Western District of Wisconsin; whereas, this case obviously is filed in the Eastern District. Further, the Notice references "additional overtime pay once your travel time is counted as hours worked." However, the class certification requested does not reference overtime, merely hours worked, without the specification that those hours would be compensated as overtime. By phrasing the Notice this way, it gives the message to putative class members that they would receive compensation at an overtime rate, not a straight time rate.

Additionally, the Notice states, "The Plaintiffs contend that Northern Concrete was your employer <u>when it</u> controlled your hiring, firing, compensation, and worksite supervision." By

14

using the phrase "when it", Plaintiffs again make conclusory allegations; Northern Concrete denies that it controlled hiring, firing, or compensation.

Further, the Notice is misleading because it states that the class members will be represented by the Previant Law Firm if they decide to opt into the action. This statement fails to adequately explain to the putative class members their options with respect to retaining other counsel or bringing an individual lawsuit. Notice forms approved by courts in the Circuit often include a statement advising putative class members of their right to counsel of their own choice. *See Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 449 (N.D. Ill. 1982); *Monroe v. United Air Lines, Inc.*, 90 F.R.D. 638, 641 (N.D. Ill. 1981).

This Notice attempts to bully the putative class members into a response, claiming that "the statute of limitations clock is running". Considering that Plaintiffs have asked for a three-year limitations period to be applied, and considering that the majority of the potential claims relate to 2016, this language is unnecessary and coercive.

This Notice also states that "decisions and agreements made and entered into by the Plaintiffs will be binding on you if you join this lawsuit, unless you choose to withdraw your consent." It is shocking that this Notice would contain language permitting withdrawal of consent when Plaintiffs' counsel has hotly disputed the right of a Plaintiff to withdraw consent to representation and actually has brought a motion to invalidate any such withdrawals. *Dkt. 26*. Additionally, it is a misrepresentation by Plaintiffs' counsel that they are working on a contingency fee basis, considering that documents provided to the Court indicate that Plaintiffs' counsel charges any withdrawing Plaintiff a proportionate share of all hours tracked at a rate of $300 an hour if they attempt to withdraw. *Trotier Decl. Ex. 3, p. 26; Dkt. 53-5*.

15
Case 1:16-cv-01283-WCG   Filed 05/04/17   Page 15 of 18   Document 75

### 2. Consent To Opt In: CSW Class.

Northern Concrete objects to the Consent to Opt In for the CSW Class because, similar to the Notice discussed *supra*, the Consent is misleading because it refers to recovery of overtime pay, not straight time pay. By characterizing it as overtime pay, Plaintiffs mislead any putative class members because assuming *arguendo* the travel time is compensable, it is possible the hours traveled would not increase hours worked for the relevant week over 40.

### 3. Notice Of Pendency Of Lawsuit: Per Diem Class.

First, Northern Concrete repeats its objections as stated *supra* in Section E.1. Further, the Notice of Pendency of Lawsuit for the Per Diem Class is inappropriate because it refers to "all employees" of Northern Concrete; rather, any notice should be addressed solely to non-exempt employees who received per diem during the relevant time period. *Dkt. 67-3*. By phrasing it as "all employees" it provides a false and misleading impression of the size of the class.

This Notice only attributes per diem to reasonable meal expenses, again failing to account for the fact that per diem was paid in lieu of mileage, which was not paid separately. *Opicka Aff.* ¶7-8. In characterizing Northern Concrete's denial, if fails to mention that Northern Concrete denies that any part of this per diem is not reasonable.

With respect to an employee's ability to participate in the lawsuit, it fails to state that the employee must be a non-exempt employee.

### F. Brad Lott's Affidavit Should Be Disregarded.

As stated by this Court, "it certainly matters whether statements made under oath in a declaration are true." *Adair*, 2008 U.S. Dist. LEXIS 68942, at *14. Moreover, statements made in a declaration must be sworn and reviewed by the declarant. Otherwise, any such statement would not be admissible and could not be considered for purposes of conditional certification. *Id.* at *22. Further, "if declarations in support of conditional certification are not required to be

more probative than 'their allegations' . . . the requirement of factual support would be superfluous." *Id.* at *27 (citing *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006)).

The conclusory, unsupported statements contained in Lott's declaration must be admissible if they are to be considered by the Court. This declaration does not satisfy the requirements of Fed. R. Civ. P. 26(g)(2) – it is unsigned and unsworn. Mr. Lott did not draft this declaration; Mr. Lott did not review this declaration after it was drafted; Mr. Lott did not sign this declaration; and Mr. Lott did not swear that the statements were true under penalty of perjury. Accordingly, this affidavit must be disregarded.

Further, the circumstances under which this declaration was compiled are suspect. At the time the affidavit was submitted to the Court, the affidavit was drafted by counsel for Plaintiffs, on behalf of the president of an unrepresented opposing party. Mr. Lott was not represented in the drafting of this affidavit. Mr. Lott did not see this affidavit at any point. Mr. Lott was not provided with a written copy of the affidavit. Mr. Lott never signed the affidavit. Mr. Lott never swore that any statements were made under penalty of perjury. The affidavit simply was drafted in the words of Plaintiffs' counsel and submitted in support of Plaintiffs' brief.

## CONCLUSION

For the foregoing reasons, Northern Concrete respectfully requests that the Court deny conditional certification to the Per Diem Class and the CSW Class, find that the Notices submitted by Plaintiffs are inadequate, and disregard the declaration filed by Plaintiffs' attorney on behalf of Brad Lott.

Respectfully submitted this 4th day of May, 2017.

**ATTORNEYS FOR DEFENDANT,
NORTHERN CONCRETE
CONSTRUCTION, INC.**

s/ Geoffrey S. Trotier
Geoffrey S. Trotier, SBN 1047083
Roy E. Wagner, SBN 1018396
Devin S. Hayes, SBN 1089943
VON BRIESEN & ROPER, S.C.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Fax: 414-276-6623

28522283_1.DOCX