UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE MORGAN, et al.,

        Plaintiffs,

v.                                                Case No. 16-C-1283

CSW INC, et al.,

        Defendants.

## ORDER GRANTING DEFAULT JUDGMENT

Plaintiffs brought this action against Defendants CSW, Inc. and Northern Concrete Construction, Inc. ("Northern"), alleging violations of the Fair Labor Standards Act and Wisconsin Wage and Hour Law. Currently before the court are Northern's motion for default judgment against CSW for failure to timely respond to Northern's crossclaim (ECF No. 34), Northern's motion to strike Plaintiffs' answer to Northern's crossclaim against CSW (ECF No. 40), and Northern's motion to strike CSW's untimely answer to Northern's crossclaim (ECF No. 55).

## PROCEDURAL BACKGROUND

On December 30, 2016, the court granted CSW's counsel's motion to withdraw. The court advised CSW's president Brad Lott that he could not represent CSW *pro se*. CSW was also warned that the failure to secure counsel could result in its previous answer being stricken and that the parties could seek default judgment against CSW for any unanswered pleadings.

Northern filed a crossclaim against CSW on January 10, 2017, alleging claims of breach of contract, breach of implied contract, intentional misrepresentation, fraud in the inducement, negligent misrepresentation, and breach of fiduciary duty. Although not named in the crossclaim, Plaintiffs

filed an answer asserting that the crossclaim should be dismissed as a nullity because a standalone crossclaim is not a pleading recognized by the Federal Rules of Civil Procedure. CSW failed to answer Northern's crossclaim within 21 days and Northern filed a motion for default judgment. The Clerk of Court entered default on February 6, 2017. Brad Lott then filed an answer to Northern's crossclaim on February 9, 2017 on behalf of CSW. Northern filed motions to strike Plaintiffs' and CSW's answers to Northern's crossclaim.

## ANALYSIS

As an initial matter, it is clear that Plaintiffs' and CSW's answers to Northern's crossclaim should be stricken. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). CSW's answer was untimely under Rule 12(a)(1)(B), filed after the Clerk's entry of default, and improperly filed by a non-attorney. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("A 'corporation' is an abstraction, and abstractions cannot appear pro se."); Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

Plaintiffs' answer should also be stricken because Plaintiffs do not have an interest in the outcome of the crossclaim. Indeed, Northern's crossclaim does not state any claims against Plaintiffs. Plaintiffs contend that any judgment secured by Northern against CSW will make it more difficult to collect on their judgment against CSW. However, Northern's alleged damages arise from its involvement in the present FLSA suit and cannot be calculated until the matter's resolution. If Plaintiffs obtain judgment against the defendants, Plaintiffs will first be paid and only then can

2

Northern seek indemnification for the amount it paid on CSW's behalf. Therefore, Northern's motions to strike CSW's and Plaintiffs' answers to its crossclaim will be granted.

The remaining issue is whether Northern properly asserted its crossclaim against CSW.[1] Plaintiffs argue that standalone crossclaims are improper and must be dismissed. Rule 13(g) provides that a "pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action." Rule 7(a) defines what constitutes a pleading under the rules and a crossclaim is not included. Plaintiffs argue that because Northern filed its crossclaim against CSW independent from any other pleadings—rather than, for example, attaching it to its answer to Plaintiffs' amended complaint—the crossclaim must be dismissed and Northern's motion for default judgment denied. Indeed, other district courts have dismissed crossclaims and counterclaims that appeared in a separate document from a pleading. *See Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007); *Bernstein v. IDT Corp.*, 582 F. Supp. 1079, 1087 (D. De. 1984).

Nevertheless, I conclude that Northern's crossclaim will be allowed to stand. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Northern argues that the court should construe the crossclaim as properly filed or, in the alternative, construe the crossclaim as an amendment to its answer to Plaintiffs' First Amended Complaint. A crossclaim under Rule 13(g) should be construed liberally so as "to avoid

---

[1] In their response brief to Northern's motion for default judgment and to strike the Plaintiffs' answer to the cross claim, Plaintiffs characterize their response as an amicus curiae brief on behalf of an inadequately represented party—CSW. (ECF No. 59 at 2) (citing *Voices for Choices v. Illinois Bell Tel Co.*, 339 F.3d 542, 544 (7th Cir. 2003)). The court will consider Plaintiffs' arguments for the purposes of determining whether Northern's crossclaim was properly filed.

3

multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps . . . in order to settle as many related claims as possible in a single action." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1431 (3d ed.). Northern could have properly attached its crossclaim against CSW to its answer to Plaintiff's amended complaint on February 15, 2017. (ECF No. 46.) Whether the 21 days for CSW to answer Northern's crossclaim began on January 10 or February 15, the outcome would be the same. The court warned CSW's president on December 30, 2016 that he could not represent CSW *pro se* and that the failure to secure counsel could result in parties seeking default judgment against CSW for the failure to answer any new pleadings. CSW still has not secured counsel and thus could not have timely answered Northern's crossclaim. Accordingly, Northern's motion for default judgment on its crossclaim against CSW will be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Northern's motion for default judgment against CSW for failure to timely respond to Northern's crossclaim (ECF No. 34), Northern's motion to strike Plaintiffs' answer to Northern's crossclaim against CSW (ECF No. 40), and Northern's motion to strike CSW's untimely answer to Northern's crossclaim (ECF No. 55) are **GRANTED**.

**SO ORDERED** this   8th   day of May, 2017.

   s/ William C. Griesbach
   William C. Griesbach, Chief Judge
   United States District Court